Lenard E. Schwartzer, Esq., NV Bar No. 0399
Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89146
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Yvette Weinstein, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-15-10462-MKN |
| LIONEL, SAWYER & COLLINS, LTD., | Chapter 7 |
| Debtor. | |
| YVETTE WEINSTEIN, CHAPTER 7 TRUSTEE, | Adversary No. |
| Plaintiff, | **COMPLAINT AGAINST DOMINIC MARROCCO FOR MONIES OWED** |
| vs. | |
| DOMINIC MARROCCO, | |
| Defendant. | |

Plaintiff Yvette Weinstein ("Trustee" or "Plaintiff"), in her capacity as Chapter 7 Trustee of Lionel Sawyer & Collins, Ltd. ("LSC"), by and through her counsel submits this Complaint against defendant, Dominic Marrocco (the "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. LSC filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 30, 2015 (the "Petition Date").

2. The United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding concerns a matter which is related to the administration of the bankruptcy estate.

4. This adversary proceeding is a non-core proceeding.

5. The Plaintiff consents to the entry of a final judgment by this Court.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1409.

7. This adversary proceeding is brought pursuant to Fed.R.Bankr. P. 7001(1) and 11 U.S.C. § 541(a) to collect a sum of money owed to the bankruptcy estate.

## PARTIES TO THE PROCEEDING

8. Plaintiff is the duly appointed and acting trustee in the case of LSC.

9. Defendant is an individual residing in Nevada.

## STATEMENT OF FACTS

10. Prior to the Petition Date, LSC provided legal services to and incurred costs on behalf of the Defendant in accordance with a retainer agreement ("Agreement").

11. LSC tendered invoices for such legal services to the Defendant ("Invoices").

12. The unpaid balance owed by the Defendant for the legal services and costs provided by LSC is $148,792.84 as of January 31, 2015 ("Unpaid Balance") which amount does not include interest that is also owing and has been accruing at the rate of 12% per annum in accordance with the Invoices and Agreement ("Unpaid Balance").

13. Demand has been made upon Defendant for the amount owed to LSC.

14. Defendant disputes that he owes the Unpaid Balance.

15. Defendant has not paid the Unpaid Balance.

## FIRST CLAIM FOR RELIEF
### (Monies Due and Owing)

16. Plaintiff repeats and realleges each and every allegation contained in the paragraphs set forth above as set forth herein.

17. Defendant owes the bankruptcy estate the Unpaid Balance for legal services rendered for the benefit of and costs incurred on behalf of Defendant.

## SECOND CLAIM FOR RELIEF
### (Account Stated)

18. Plaintiff repeats and realleges each and every allegation contained in the paragraphs

set forth above as set forth herein.

19. Defendant owes the bankruptcy estate the Unpaid Balance based on the Invoices.

### THIRD CLAIM FOR RELIEF
(Breach of Contract)

20. Plaintiff repeats and realleges each and every allegation contained in the paragraphs set forth above as set forth herein.

21. LSC agreed to provide legal services and expend costs for the benefit of Defendant.

22. Defendant agreed to pay for the legal services and costs provided by LSC.

23. Defendant failed to pay for the legal services and costs.

24. By failing to pay LSC for the legal services and costs owed to it, Defendant breached the terms of the agreement with LSC.

25. As a direct and proximate cause of Defendant's breach of the agreement to pay LSC for the legal services and costs, the LSC bankruptcy estate has been damaged in the amount of the Unpaid Balance.

### FOURTH CLAIM FOR RELIEF
(Breach of the Implied Covenant of Good Faith And Fair Dealing)

26. Plaintiff repeats and realleges each and every allegation contained in the paragraphs set forth above and as set forth herein.

27. The agreement by LSC to provide legal services and costs to Defendant and for Defendant to pay for legal services and costs to LSC is valid and enforceable.

28. By failing to pay LSC for the legal services and costs, Defendant breached the implied covenant of good faith and fair dealing contained in the agreement between the parties.

29. As a direct and proximate cause of Defendant's breach of the implied covenant of good faith and fair dealing under the agreement to pay LSC for legal services and costs, the LSC bankruptcy estate has been damaged in the amount of the Unpaid Balance.

### FIFTH CLAIM FOR RELIEF
(Unjust Enrichment/Quantum Meruit)

30. Plaintiff repeats and realleges each and every allegation contained in the paragraphs

set forth above and as set forth herein.

31. LSC provided legal services and incurred costs for the benefit of Defendant.

32. Defendant agreed to pay for the legal services and costs.

33. Defendant failed to pay for the legal services and costs.

34. By failing to pay to LSC for the legal services and costs, Defendant received and retained benefits for which she did not compensate LSC to the loss of LSC.

35. As a direct and proximate cause of Defendant's failure to pay for the legal services and costs to LSC, the LSC bankruptcy estate has been damaged in the amount of the Unpaid Balance.

**WHEREFORE**, Plaintiff respectfully requests the Bankruptcy Court enter judgment in favor of Plaintiff and against Defendant upon all claims as follows:

1. In the sum of $148,792.84;
2. For interest in accordance with the Invoices and Agreement at the rate of twelve (12%) per annum from January 31, 2015;
3. For reasonable attorneys' fees and costs;
4. For costs of suit; and
5. Awarding such other and further relief as this Court deems just and proper.

Or, in the alternative, to submit proposed findings of fact and conclusions of law to the United States District Court for the District of Nevada recommending that that court enter judgment in favor of Plaintiff and against Defendant as stated above.

Dated: November 17, 2016.

/s/ Jeanette E. McPherson
Lenard E. Schwartzer, Esq., NV Bar No. 0399
Jeanette E. McPherson, NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89146
Attorneys for Yvette Weinstein, Chapter 7 Trustee